IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY V. LeMASTERS, :

Plaintiff, : Case No. 3:07cv224

vs. : JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY, :

Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #16) IN THEIR ENTIRETY; DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #17) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT COMMISSIONER, DENYING PLAINTIFF'S MOTION FOR REMAND, PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g); AND IN FAVOR OF THE PLAINTIFF AND AGAINST SAID DEFENDANT, VACATING THE COMMISSIONER'S FINDING OF NON-DISABILITY; MAKING NO FINDING AS TO WHETHER PLAINTIFF WAS DISABLED, AND, THEREFORE, ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER AND THE ADMINISTRATIVE LAW JUDGE, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER CONSIDERATION AND PROCEEDINGS CONSISTENT WITH HER REPORT AND RECOMMENDATIONS; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On August 11, 2008, the United States Magistrate Judge filed a Report and Recommendations (Doc. #16), recommending that the

Plaintiff's Motion for Remand, under Sentence Six of 42 U.S.C. § 405(g), be denied; that the Commissioner's finding of non-disability be vacated; that no finding be made as to whether Plaintiff was under a disability and, accordingly, entitled to benefits under the Social Security Act; and that the captioned cause be remanded to the Defendant Commissioner and the Administrative Law Judge, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further consideration and proceedings consistent with her Report and Recommendations. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #16), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, denying the Plaintiff's Motion for Remand, pursuant to Sentence Six of 42 U.S.C. § 405(g), on the basis of allegedly new and material evidence that had come to light and was not available to Plaintiff at the time of the administrative proceeding; and that judgment be entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the Commissioner's finding that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act; making no finding as to whether the Plaintiff was under a disability within the meaning of the Social Security Act; and remanding the captioned cause to the Defendant

Commissioner and the Administrative Law Judge, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further consideration and proceedings consistent with this Opinion. The Defendant's Objections to said judicial filing (Doc. #17) are overruled. Accordingly, the decision of the Defendant Commissioner is affirmed in part and vacated in part.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and

Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's

application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. A remand for further proceedings, rather than one for the purpose of paying benefits, is mandated herein, given that proof of disability is not overwhelming or, to put the matter in another fashion, proof of disability is not strong and evidence to the contrary lacking. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #16) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Defendant's Objections to said judicial filing

(Doc. #17) are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against the Plaintiff herein, denying the Plaintiff's Motion to Remand the captioned cause to the Defendant Commissioner, pursuant to Sentence Six of 42 U.S.C. § 405(g), for consideration of allegedly new, material evidence; and in favor of the Plaintiff and against the Defendant Commissioner, vacating the Commissioner's decision that Plaintiff was not disabled and therefore, not entitled to benefits under the Social Security Act; making no finding as to whether Plaintiff was under a disability, within the meaning of the Social Security Act; remanding the captioned cause to the Defendant Commissioner and the Administrative Law Judge, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further consideration and proceedings consistent with this Opinion, to wit: to re-evaluate the medical source opinions as required by the Commissioner's Regulations and Rulings; to reassess Plaintiff's credibility; to reassess Plaintiff's residual functional capacity; and to conduct the sequential analysis in light of the Administrative Law Judge's credibility findings, the weight given on remand to the medical sources of record and Plaintiff's residual functional capacity.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 25, 2008

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Gregory R. Mitchell, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.